IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AUBREY McDANIELS** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **MICHAEL W. HARLOW, et al.** | : | **NO.  08-4325** |

### REPORT AND RECOMMENDATION

**L. FELIPE RESTREPO**　　　　　　　　　　　　　　　　　　　　　　　　**DECEMBER 9, 2008**
**UNITED STATES MAGISTRATE JUDGE**

　　　　Before the Court is a Petition for Writ of Habeas Corpus filed by Aubrey McDaniels pursuant to 28 U.S.C. § 2254.  McDaniels is currently incarcerated at the State Correctional Institution in Mercer, Pennsylvania ("SCI-Mercer").  For the reasons which follow, the habeas petition should be dismissed, without prejudice, for failure to exhaust state court remedies.

　　　　　　　　　　　　　　**1.　PROCEDURAL HISTORY**

　　　　The habeas petition alleges that on June 16, 1988, following a guilty plea, McDaniels was convicted in the Court of Common Pleas of Philadelphia County of Rape, Aggravated Assault, and Robbery.  See Hab. Pet. ¶¶ 1-6.  The petition further alleges that he was sentenced to eight to sixteen (8-16) years in prison.[1]  Id. ¶ 3.

---

1.  The Common Pleas Court docket reflects that petitioner pled guilty on June 16, 1988 to Rape, Criminal Conspiracy, and Involuntary Deviate Sexual Intercourse and that several other serious charges, including Aggravated Assault, were nolle prossed.  See Common Pleas Ct. Dckt. No. CP-51-CR-1202641-1987 (hereinafter cited as "Common Pleas Ct. Dckt."), at 3.  In any event, the docket confirms that McDaniels was sentenced to eight to sixteen (8-16) years in prison for the Rape conviction, with no further penalty on the remaining charges.  Id.  In addition, as explained below, McDaniels' habeas petition does not challenge the validity of the convictions or sentence, but rather, it challenges the computation of that sentence by prison officials.

Petitioner states that he did not file a direct appeal from the judgment of conviction, id. ¶ 8, and he later filed a Petition for Review in the Commonwealth Court of Pennsylvania, id. ¶ 11(a). His Petition for Review was dismissed by the Commonwealth Court on March 17, 2005, and he did not seek allowance of appeal in Pennsylvania's Supreme Court. Id. ¶ 11(a)(1)-(7).

The habeas petition indicates and the Common Pleas Court docket reflects that McDaniels thereafter filed a petition in 2008 pursuant to Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa. C.S. §§ 9541-46. See Hab. Pet. ¶ 11(b); Common Pleas Ct. Dckt. at 5. McDaniels represents and the Pennsylvania court docket confirms that his PCRA petition is "still pending" in the PCRA Court, see Hab. Pet. ¶ 11(b)(5)-(6); see also Common Pleas Ct. Dckt, at 5; id. at 1 (indicating status as "Awaiting PCRA Decision").

On September 5, 2008, the Clerk of Court received McDaniels' § 2254 petition. See Hab. Pet. at 1. His petition challenges the computation of his sentence by the Pennsylvania Department of Corrections and alleges that he is in custody at SCI-Mercer beyond the maximum expiration date of his sentence. Id. ¶ 12(A)-(D).

**2. DISCUSSION**

"Under the federal habeas corpus statute, habeas relief 'shall not be granted' to a petitioner in custody pursuant to a state court judgment unless the petitioner 'has exhausted the remedies available in the courts of the State.'" Parker v. Kelchner, 429 F.3d 58, 61 (3d Cir. 2005) (quoting 28 U.S.C. § 2254(b)(1)(A)); see Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (citing § 2254(b)(1)(A)) ("It is axiomatic that a federal habeas court may not grant a petition for a writ of habeas corpus unless the petitioner has first exhausted the remedies

available in the state courts."), cert. denied, 532 U.S. 919 (2001); Toulson v. Beyer, 987 F.2d 984, 986 (3d Cir. 1993). In order for a federal habeas petitioner to satisfy the exhaustion requirement, he "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999); see Wenger v. Frank, 266 F.3d 218, 223 (3d Cir. 2001), cert. denied, 535 U.S. 957 (2002).

Exhaustion "addresses federalism and comity concerns by 'affording the state court a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.'" Parker, 429 F.3d at 61 (quoting Toulson, 987 F.2d at 986); see Toulson, 987 F.2d at 986 (quoting Vasquez v. Hillery, 474 U.S. 254, 257 (1986)). As the Third Circuit stated in Parker, quoting the Second Circuit in Jones v. Keane, 329 F.3d 290 (2d Cir.), cert. denied, 540 U.S. 1046 (2003):

> By requiring exhaustion, federal courts recognize that state courts, no less than federal courts, are bound to safeguard the federal rights of state criminal defendants. Besides serving to minimize friction between our federal and state systems of justice, the exhaustion requirement has the salutary practical effect of enhancing the familiarity of state courts with federal constitutional issues.

Parker, 429 F.3d at 61 (quoting Jones, 329 F.3d at 295).

In the event that a federal court determines there exists a possibility of state court review, the petition should be dismissed without prejudice. See Banks v. Horn, 126 F.3d 206, 213 (3d Cir. 1997); Doctor v. Walters, 96 F.3d 675, 681 (3d Cir. 1996); Toulson, 987 F.2d at 987. Therefore, although the exhaustion rule is a matter of comity and not jurisdiction, it is to be strictly enforced. Strickland v. Washington, 104 S. Ct. 2052, 2063 (1984); see Parker, 429 F.3d

at 61 (quoting Rutherford v. Neet, 1998 WL 327687, at *1 (10th Cir. June 19, 1998)) ("The exhaustion requirement is not one to be overlooked lightly."). "[L]ikely futility on the merits does not excuse a failure to exhaust a claim in state court." Parker, 429 F.3d at 63.

The petitioner has the burden of proving all facts entitling him to a discharge from custody as well as demonstrating that he has met all procedural requisites entitling him to relief. Brown v. Cuyler, 669 F.2d 155, 157 (3d Cir. 1982). Thus, "[t]he habeas petitioner carries the burden of proving exhaustion of all available state remedies." Parker, 429 F.3d at 62 (quoting Lambert, 134 F.3d at 513); see Toulson, 987 F.2d at 987.

In this case, McDaniels acknowledges and the Common Pleas Court docket confirms that his PCRA petition is **currently pending** in the PCRA Court. See Hab. Pet. ¶ 11(b)(5)-(6); Common Pleas Ct. Dckt. at 5, 1. Furthermore, the habeas petition indicates that, as with McDaniels' federal habeas petition, the pending PCRA petition challenges the computation of his sentence by prison officials. See Hab. Pet. ¶ 11(b)(3). Thus, not only does petitioner fail to demonstrate that state court review of his claims is unavailable, but he appears to allege that his claims are currently under review in the state court. Id. Moreover, once the PCRA Court rules on the pending PCRA petition, McDaniels may appeal to the Superior Court of Pennsylvania. Therefore, since petitioner has failed to demonstrate that state court review is unavailable, and in that his PCRA petition is pending in the state court, he has failed to satisfy the exhaustion requirement, and his federal habeas petition should be dismissed without prejudice.[2] See

---

2. It is noted that any claims that were raised in McDaniels' Petition for Review, dismissed by the Commonwealth Court of Pennsylvania on Mar. 17, 2008, were not properly exhausted. See Hab. Pet. ¶ 11(a). As he acknowledges in his habeas petition, he failed to file a petition for allowance of appeal in the Supreme Court of Pennsylvania from the Mar. 17, 2008 dismissal of that petition, id. ¶ 11(a), as required to properly satisfy the exhaustion requirement, see, e.g.,

Lambert, 134 F.3d at 513 (citing 28 U.S.C. § 2254(b)(1)(A)); Banks, 126 F.3d at 213; Doctor, 96 F.3d at 681; Toulson, 987 F.2d at 987.

Rule 4 of the Rules Governing Section 2254 Cases In the United States District Courts provides: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." See 28 U.S.C. foll. § 2254, Rule 4. Here, in light of McDaniels' pending PCRA petition, as well as the availability of an appeal to the Superior Court of Pennsylvania following the PCRA Court's disposition of the petition, it plainly appears that petitioner is not entitled to federal habeas relief at this time. Judicial comity compels dismissal of this petition, without prejudice, and the state system must be afforded a full opportunity to redress any errors before this Court imposes its interpretation of law upon the case.[3]

---

Williams v. Wynder, 232 Fed. Appx. 177, 179-81 (3d Cir. 2007) (holding that although the Pennsylvania Supreme Court's Administrative Order ("Order 218") rendered review from that Court "unavailable" from **Superior Court** decisions on criminal convictions or PCRA matters for purposes of exhausting state court remedies, "[b]ecause Order 218 does not apply to appeals from **Commonwealth Court** decisions, . . . the District Court correctly held that [the habeas petitioner] was required to exhaust his available state remedies by filing a petition for allowance of appeal in the Pennsylvania Supreme Court" from the Commonwealth Court's dismissal of his Petition for Review). In any event, in this case it cannot be said that state court review of the issues raised in the § 2254 petition is unavailable in the Pennsylvania courts.

3. Although he was convicted in 1988 by a state court within the Eastern District, see Hab. Pet. ¶¶ 1-5, McDaniels' petition does not challenge the validity of that conviction or sentence. See Hab. Pet. ¶ 12(A)-(D). Instead, he challenges the computation, or execution, of his sentence by prison officials. Id.; see, e.g., Cruz v. Miner, 251 Fed. Appx. 777, 779 (3d Cir. 2007) (citing Woodall v. Fed. BOP, 432 F.3d 235, 242 (3d Cir. 2005)) (challenge to execution of a sentence includes matters such as computation of prisoner's sentence by prison officials); Semulka v. BOP, 2008 WL 2994430, at *2 (W.D. Pa. 2008) (same). Petitioner and his custodian are located in Mercer, Pennsylvania, see Hab. Pet. at 1, which lies within the venue of the Western District of Pennsylvania. See, e.g., Santiago v. Pennsylvania, 2004 WL 1631407, at *3 n.5 (E.D. Pa. July 16, 2004), adopted by, Civ. A. No. 04-418, Order (E.D. Pa. Aug. 16, 2004) (Yohn, J.); Detillo v. J. R. Moore Farm Supply, Inc., 449 F. Supp. 559, 560 (W.D. Pa. 1978) (observing that Mercer,

Pursuant to Local Appellate Rule 22.2 of the Rules of the United States Court of Appeals for the Third Circuit, at the time a final order denying a habeas petition is issued, the district judge is required to make a determination as to whether a certificate of appealability ("COA") should issue.  When a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a COA may not issue unless the prisoner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; **and** (2) whether the district court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 123 S. Ct. 1029, 1046 (2003) (Scalia, J., concurring).

"Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  Slack, 529 U.S. at 484.  Here, in light of McDaniels' pending PCRA petition and the aforementioned Supreme Court and Third Circuit decisions invoking the exhaustion doctrine, a reasonable jurist

---

Pennsylvania is located in the Western District); see 28 U.S.C. § 118(c) (providing that Mercer County is in the Western District of Pennsylvania).  Ordinarily, under these circumstances, it would be more practical and equitable to transfer the petition, pursuant to 28 U.S.C. § 2241(d), to the Western District since that is where petitioner and his custodian are located, and he is challenging the execution of his sentence by prison officials.  See Gellock v. Freeman, 1987 WL 7208, at *1 (E.D. Pa. Feb. 27, 1987) (transferring § 2254 petition to district where petitioner and custodian were located); Yacoubian v. Petsock, 1986 WL 2564, at *1 (E.D. Pa. Feb. 25, 1986) (same).  Among other things, the inconvenience of transferring petitioner from Mercer County to Philadelphia for any necessary hearings, and the fact that he is challenging the computation of his sentence by prison officials at SCI-Mercer based on records at that facility, see Hab. Pet. ¶ 12(C)-(D), make the Western District a more appropriate forum for hearing the merits of this petition.  See Gellock, 1987 WL 7208, at *1; Yacoubian, 1986 WL 2564, at *1.  Nevertheless, since it plainly appears that petitioner is not entitled to federal habeas relief at this time, in light of the pending PCRA petition, this habeas petition should be dismissed, without prejudice, for failure to exhaust state court remedies, pursuant to Rule 4.

could not conclude that the Court would be incorrect in dismissing without prejudice the present petition since Jones has failed to demonstrate exhaustion of state court remedies.  See Slack, 529 U.S. at 484.  Accordingly, the habeas petition should be dismissed, without prejudice, and a COA should not issue.

      My Recommendation follows.

## **R E C O M M E N D A T I O N**

**AND NOW**, this 9th day of December, 2008, upon consideration of the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254, for the reasons given in the accompanying Report, it is hereby **RECOMMENDED** that the petition for writ of habeas corpus be **DISMISSED**, without prejudice, for failure to exhaust state remedies.[4]

        /s/ L. Felipe Restrepo
L. FELIPE RESTREPO
UNITED STATES MAGISTRATE JUDGE

---

4. Petitioner is advised that he may file objections to this Report and Recommendation. See Local R. Civ. P. 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.